UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff

v.

JERMAINE SMITH,

    Defendant

Case No.: 2:12-cr-00004-APG-GWF

**ORDER DENYING MOTION TO VACATE**

[ECF No. 1608]

The defendant, Jermaine Smith, moves to modify his sentence, which I imposed in early 2015, pursuant to 28 U.S.C. §2255. As correctly noted by the government, the present motion is a successive §2255 motion for which Smith has not obtained an order from the court of appeals authorizing me to consider the motion. Accordingly, I will deny the motion.

**Background**

On October 21, 2014, the defendant, Jermaine Smith, pleaded guilty to participating in a Racketeer Influenced Corrupt Organization in violation of 18 U.S.C. §1962(c) and 1963. I sentenced Smith on April 9, 2015, and signed the Judgment in a Criminal Case on April 22, 2015. Smith did not appeal his conviction.

On May 23, 2016, Smith filed his first §2255 motion by depositing it into the mail. I denied the motion as untimely, as it was filed more than a year after Smith's conviction became final. I also declined his request for a certificate of appealability. Smith did not appeal the denial of that motion. On August 9, 2018, Smith filed the motion now before me, his second §2255 motion.

## Discussion

To bring a second or successive §2255 motion, a defendant first "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §§2244, 2255(h). As Smith previously moved for §2255 relief, he must move for and obtain an order from the Ninth Circuit Court of Appeals authorizing me to consider his present motion. He has not done so. Accordingly, I cannot consider his present motion and must deny it as an unauthorized second or successive §2255 motion.

## Certificate of Appealability

To appeal this order, Smith must receive a certificate of appealability.[1] To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[2] This standard is "lenient."[3]

I have denied Smith's motion because it is a second or successive §2255 motion for which he has neither sought nor obtained an order from the Ninth Circuit authorizing me to consider his motion. I will thus deny Smith's request for a certificate of appealability.

IT IS THEREFORE ORDERED that defendant Jermaine Smith's motion under 28 U.S.C. § 2255 (ECF No. 1608) is DENIED.

---

[1] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).
[2] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted).
[3] *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

IT IS FURTHER ORDERED that defendant Jermaine Smith's request for a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter a separate civil judgment denying defendant Jermaine Smith's § 2255 motion. The Clerk also shall file this order and the civil judgment in this case and in the related civil case number 2:18-cv-1487-APG.

DATED this 19th day of November, 2018.

                                              ANDREW P. GORDON
                                              UNITED STATES DISTRICT JUDGE